# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

256 FIFTH AVENUE, 2ND FLOOR

NEW YORK, NEW YORK 10001

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

October 13, 2022

The Honorable James B. Clark
United States Magistrate Judge
District of New Jersey
Frank Lautenberg Federal Courthouse
2 Federal Square
Newark, NJ 07101

Re:   United States v. Abid Syed, Mag. No. 22-12096 (JBC)

Dear Judge Clark,

We represent Abid Syed, who in April 2022 was charged by complaint with one count of violating the federal Anti-Kickback Statute. See Dkt. No. 1. By this letter – which we ask the Court to consider in lieu of a more formal motion – we seek to modify a condition of Mr. Syed's release.[1] We respectfully request oral argument on this motion.

Mr. Syed was employed by a medical testing laboratory, MetPath Laboratories, Inc. ("MetPath"). One condition of Mr. Syed's pretrial release contains a blanket prohibition on Mr. Syed "bill[ing] or caus[ing] to be billed Medicare, Medicaid, or any federal health care program." Id. at 2. There are no exceptions in the current condition of release. See id.

---

[1] We have discussed this issue repeatedly with the Government, and provided a draft of this motion both to the Government and to Pretrial Services. The Government and Pretrial Services both support the current bail condition.

BRAFMAN & ASSOCIATES, P.C.

As explained below, the only allegations in this case relate to the conduct of what the Government calls "marketers": individuals who allegedly collected Covid test samples and brought them to MetPath for testing. The Government claims that fees these marketers received were actually "kickbacks." We vigorously dispute the Government's characterization, and nothing in this motion should be taken as an admission of any of the allegations in the complaint.

Rather, the point of this motion is that the Government's allegations are irrelevant to a completely separate stream of testing activity that MetPath conducted: wholly aside from testing that did involve marketers, MetPath also received testing samples **directly** from pharmacies – no "marketer," no "collector," no intermediary, no one in between the pharmacy and MetPath who took a single penny relating to the underlying test. The Government has never claimed one iota of impropriety relating to the test samples that came to MetPath directly from pharmacies.

The stream of testing coming directly from pharmacies – untainted by any allegation of wrongdoing, according to the Government itself – is the sole focus of this motion. We ask only that the Court modify Mr. Syed's conditions of pretrial release so that MetPath can again bill federal health care programs for Covid test samples that come to MetPath directly from pharmacies. Covid is still real, Covid testing is still critically important, according to the Government itself, and MetPath conducts high-quality, rigorous Covid testing – an important public health service for its customers and for the community.

In short, there is no basis under the Bail Reform Act to maintain the overly-broad condition of release that Mr. Syed cannot be involved in causing any billing to a federal health care program. A narrower, more tailored condition – which would still take into account all of the Government's allegations in this case, and protect the public fisc – would be equally effective. Accordingly, we ask the Court to modify this condition as set forth in the attached proposed Order.

**Factual Background**

Begin with what this case is **not** about. The Government has made no allegation – and there is not one iota of evidence – that MetPath ever faked a Covid test result. The Government has made no allegation – and there is not one iota of evidence – that MetPath ever failed to administer a test for which it billed. Moreover, the Government has made no allegation – and there is not one iota of evidence – that any of the tests performed were not medically appropriate or necessary. Instead, the Government's allegations center on alleged interactions

2

Brafman & Associates, P.C.

with a number of "marketers" – individuals who would collect Covid test samples and bring them to MetPath for testing.

MetPath is a real laboratory, with real testing equipment and employees, that provided real services to patients during a global pandemic. There is **no allegation** that Covid tests were not properly run or that results were not timely and accurately provided to patients. Indeed, as the government knows, MetPath turned Covid tests away that it was unable to run given capacity constraints.

The government alleges that MetPath and those associated with it committed federal crimes because certain of the tests run by the laboratory were collected by marketers who were paid for their efforts per test.

But this motion deals only with MetPath's testing that is completely disconnected from these "marketer" allegations. The Government does not, and cannot, dispute that the vast majority of the tests MetPath ran were disconnected from any marketer. Rather, MetPath had written contracts with pharmacies which tested for Covid and sent those tests to MetPath to be analyzed. No marketer was involved at any step. MetPath appropriately billed for its work in analyzing the test and the pharmacy's work in collecting the test, and remitted the pharmacy's portion to the pharmacy. It did so pursuant to specific OIG guidance. Again, no marketer was involved in any part of the transaction.

This is a critical factual distinction. We therefore ask the Court to make a modest, reasonable adjustment to Mr. Syed's bail conditions. Our motion deals only with these pharmacy clients, for whom MetPath seeks to be able to perform testing again billed through federal health care programs. There has never been an allegation that MetPath did a single thing wrong with respect to test samples that came directly from pharmacies. It would be insane for MetPath to engage in additional fraud now, while two of their employees are charged with federal crimes. The pharmacies deal directly with MetPath, and for the testing samples to which this motion refers, **there was no marketer involved at any point in the testing process**.

### Procedural Background

On April 12, 2022, Your Honor set Mr. Syed's conditions of release. See Dkt. No. 10. Of course, the Court included the standard condition that Mr. Syed "must not violate any federal state or local law while on release." Id. at 1. And, as is standard, the Court required that Mr. Syed "[m]aintain or actively seek employment." Id. at 2. That is precisely what Mr. Syed is trying to do with this motion. Finally, the Court ordered that "Defendant shall not bill or cause to be billed Medicare, Medicaid, or any federal health care program." Id. at 2. This

BRAFMAN & ASSOCIATES, P.C.

restriction, respectfully, is overbroad and not – as the law requires – narrowly tailored to be the least restrictive condition needed to reasonably assure the safety of the community. Accordingly, Mr. Syed respectfully brings this motion for modification.

### Legal Standards

Where, as here, neither the government nor the Court seeks pretrial detention, the Court is required to "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

If release under Section 3142(b) on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the Court must release the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person – . . . (ii) maintain employment, or, if unemployed, actively seek employment;" and "(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

"The judicial officer [who set a defendant's conditions of pretrial release] may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). And, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court— (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be determined promptly." 18 U.S.C. § 3145(a).

BRAFMAN & ASSOCIATES, P.C.

### Analysis

"Proper conditions of pretrial release under Section 3142(c) are not intended to punish defendants, who have not yet been convicted of or sentenced for the charged offenses at issue. Neither are they intended to serve as a discovery device for the government to gather evidence on the charged offense or separate or future criminal activity." United States v. Barker, Crim. A. No. 16-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017).

Instead, the Court must determine and "must impose the least restrictive bail conditions necessary to assure appearance and safety." United States v. Himler, 797 F.2d 156, 159 (3d Cir. 1986). Moreover, "the standard is reasonably assure appearance [or safety of the community], not 'guarantee' appearance" or safety of the community. United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985).

Barker is directly on point. Just as here, the defendants in Barker were prohibited, by the terms of their pretrial release conditions from billing or causing to be billed any federal health care program. See id. at _. And just as here, the defendants sought to modify that condition of pretrial release, arguing that it was overbroad because the types of billing they sought to do were disconnected from the allegations in the Government's case against them. And, just as we urge the Court to do here, the court in Barker granted the defendants relief. "The Court is persuaded that an appropriate nexus is lacking between the allegations in the Indictment against the Moving Defendants and the condition that the Court previously imposed on each precluding 'billing federal insurance programs, including Medicare, Medicaid, Department of Labor, Tricare, and Federal Healthcare Benefits Program.'"

The Government here may argue that the condition we seek to modify is "standard" in health care fraud cases. But just because it is standard does not mean it is justifiable under the Bail Reform Act. Indeed, the Government made the exact same argument in Barker, and the court rejected it: "The government refers to the special conditions that it has requested for the physician defendants as 'standard' or 'quasi-standard in healthcare conspiracy cases.' But, under Section 3142(c)(1), the only standard conditions are the statutorily mandated conditions of pretrial release, which include 'not commit a Federal, State, or local crime during the period of release.'" Barker, 2017 WL 345643, at 14.

This standard condition that the defendant not commit additional crimes while on pretrial release "is hardly toothless. If any defendant violates the condition that he not commit a crime while on release, he faces—in addition to any exposure for criminal liability as to new offense conduct—possible,

5

BRAFMAN & ASSOCIATES, P.C.

significant consequences, including revocation of pretrial release under 18 U.S.C. § 3148 and enhanced penalties under 18 U.S.C. § 3147." Barker, 2017 WL 345643, at 15. This is exactly right. It would be literally insane for Mr. Syed to conduct illegal business while charged with a federal crime alleging that he conducted illegal business. Mr. Syed has retained (we hope) competent counsel not just for his criminal case, but in addition, MetPath has also obtained regulatory counsel to ensure that the business MetPath is conducting is completely legitimate.

The reality is that **even according to the Government**, the vast majority of MetPath's business **was** legitimate. The Government had the opportunity to investigate all aspects of Mr. Syed's business. They clearly spent a significant amount of time on the investigation, as it involved a confidential informant making recordings, extensive bank record analysis, extensive claims analysis, and resulted in criminal charges against six people. But the criminal complaint against Mr. Syed and others is just as revealing for what it left out: here, the Government does not even allege any criminal activity whatsoever in the testing work that MetPath conducted where no marketer was involved.

This was the vast majority of MetPath's business, yet there is not a single allegation in the multi-page complaint about any of that business. And it is the only business to which the current motion is directed. As the court held in Barker, "here, the government does not even assert that there is probable cause to believe that these defendants have engaged in criminal activity in connection with [the type of business for which the defendants sought the bail modification]." Barker, 2017 WL 345643, at 15.

The Barker court perhaps put this concept best: "But these defendants have not, by being indicted for other alleged past criminal conduct and being released under Section 3142(c), forfeited their rights to the protections afforded them under the United States Constitution and the Federal Rules and governing statutes as to the required showings the government must make and the procedures with which it must comply . . . . Put simply, the defendants being indicted and subject to pretrial release—not post-conviction supervision—does not subject them to a requirement to prove to the government that they are not committing other offenses, any more than they would be subject to such a condition had the government successfully moved to detain them pending trial." Barker, 2017 WL 345643, at 15.

BRAFMAN & ASSOCIATES, P.C.

      For exactly the same reasons as found by the <u>Barker</u> court, Mr. Syed respectfully submits that the condition of release forbidding him from "causing to be billed" any federal health care program, with no exceptions whatsoever, is overbroad and violates the mandate of the Bail Reform Act because it is not the "least restrictive" condition that will reasonably assure the safety of the community – here, the protection of the Treasury.

Very truly yours,

*[signature]*

Zach Intrater<br>
Lee Vartan

CC:    AUSA DeNae Thomas<br>
          USPTO Elizabeth Charleston

*The application is hereby DENIED*

*[signature]*