UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABID SYED, *et al.*,<br><br>Defendants. | Case No. 2:22-cr-00818 (BRM)<br><br>**ORDER** |

**THIS MATTER** is before the Court on several pre-trial Motions by three out of four individuals, Muhammad Aurangzeb ("Aurangzeb"), Tariq Din ("Din"), Abid Syed ("Syed") (collectively, "Defendants"), and David Weathers ("Weathers"), in response to an Indictment (ECF No. 94) ("Indictment") charging them with one count of conspiracy to violate the federal Anti-Kickback Statute ("AKS") in violation of 18 U.S.C. § 371. First, Din, joined by Syed, moves to dismiss the Indictment. (ECF No. 177.)[1] Din, joined by Syed, also filed an Omnibus Motion (ECF No. 178)[2] requesting: (1) an evidentiary hearing regarding the admissibility of audio recordings; (2) a severance of his trial from that of Aurangzeb's; (3) a bill of particulars; (4) the striking of certain surplusage; (5) the suppression of allegedly improper grand jury evidence, the production of all relevant documents and materials under Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 404(b), *Brady*, *Giglio*, and the Jencks Act at appropriate times, as well as an order that the Government preserve all agents' rough notes; (6) an order that the

---

[1] Din's Motion to Dismiss is posted under two docket numbers. It was originally posted in an unsealed, redacted form (ECF No. 174) and later filed as sealed and unredacted (ECF No. 177).

[2] Din's Omnibus Motion is posted under two docket numbers. It was originally posted in an unsealed, redacted form (ECF No. 169) and later uploaded sealed and unredacted (ECF No. 178).

Government promptly disclose expert witnesses; (7) leave to join in co-defendants' motions not inconsistent with his own; and (8) leave to file additional motions as necessary. Next, Syed filed a Request for a *Franks* Hearing (ECF No. 170), and a Motion to Compel the Government to produce the grand jury transcripts and all evidence under *Brady* and *Giglio* related to the exoneration of the dismissed defendants (ECF No. 171). Aurangzeb also filed an Omnibus Motion (ECF No. 173) requesting: (1) the dismissal of the Indictment; (2) a severance of Aurangzeb's trial from that of co-defendants Syed and Din; (3) a hearing to determine the admissibility of any co-conspirator statements; (4) an order for the Government to disclose all exculpatory evidence; (5) an order for the Government to describe any Rule 404(b) evidence it intends to introduce at trial; (6) an order compelling disclosure of all relevant information concerning all witnesses, informants, and cooperators; (7) a hearing regarding the audibility and admissibility of any tape or video recordings; (8) an order that the Government preserve all rough notes created in the course of its investigation; and (9) leave to file additional motions as necessary.

The Government filed a brief in opposition to Defendants' Motions (ECF No. 184) on July 1, 2024. On August 29, 2024, Din and Syed filed briefs in reply (ECF Nos. 191–92, 193 respectively), and Aurangzeb filed his reply on August 30, 2024 (ECF No. 194). Having reviewed the parties' submissions filed in connection with the Motions, for the reasons set forth in the accompanying Opinion, and for good cause having been shown,

**IT IS** on this 27th day of February 2025,

**ORDERED** that Defendants' Motions (ECF Nos. 170–71, 173, 177–78) are **DENIED**, except Din's request to join in the motions of other co-defendants to extent they are not inconsistent with his own and Defendants' request to file additional pre-trial motions as needed, which are both **GRANTED**; and it is further

**ORDERED** that the Government shall submit an *ex parte* letter to the Court providing detailed explanations for issuing the subpoenas to unindicted individuals within two weeks of this Order; and it is further

**ORDERED** that the Government shall identify the audio, video, and tape recordings it seeks to use at trial within two weeks of this Order; and it is further

**ORDERED** that the Government shall identify the co-conspirator hearsay statements and/or portions thereof it seeks to use at trial within two weeks of this Order.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**